IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **WILLIAM MERCIL,**<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>**JEWEL FOOD STORES INC.**<br>**A Division of New Albertson's Inc.,**<br><br>　　　　　Defendant. | No. 21-cv-6220<br><br>Removed from the Circuit Court of Cook County, Illinois, Law Division, Case No. 2021L005440 |

## NOTICE OF REMOVAL

Defendant Jewel Foods Stores, Inc. d/b/a Jewel-Osco, a division of New Albertsons, L.P. ("Jewel"), by and through its attorneys, LITTLER MENDELSON, P.C., hereby removes the above-captioned action, which is currently pending in the Circuit Court of Cook County, Illinois, Law Division, to the United States District Court for the Northern District of Illinois, Eastern Division. This removal is based upon federal question jurisdiction, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. In support of its Notice of Removal, Jewel states the following:

**State Court Action**

1. On May 26, 2021, Plaintiff William Mercil ("Plaintiff") filed a Complaint in the Circuit Court of Cook County, Illinois, Law Division ("Circuit Court"), captioned *William Mercil v. Jewel Food Stores, Inc., A Division of New Albertson's Inc.*, Case No. 2021L005440 (the "Action") alleging: (i) retaliatory discharge pursuant to the Illinois Workers' Compensation Act; (ii) disability discrimination pursuant to the Americans with Disabilities Act; and (iii) disability discrimination pursuant to the Illinois Human Rights Act.

2. On November 3, 2021, Plaintiff served a copy of the filed Complaint and Summons upon Jewel via special process server. In accordance with 28 U.S.C. § 1446(a), true and correct

copies of all process, pleadings, and orders served upon Jewel, including a copy of the Complaint, are attached hereto as **Exhibit A**. No other processes, pleadings, or orders have been served upon Jewel in this matter.

### Timeliness and Propriety of Removal

3. A party has thirty (30) days to remove an action after receiving the pleading or motion by formal service that reveals that the predicates of removal are present. 28 U.S.C. § 1446(b)(1); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

4. Pursuant to 28 U.S.C. § 1446(b), Jewel timely filed this Notice of Removal because it is within 30 days of when it was served with the Complaint and Summons on November 3, 2021.

5. A copy of the state court's docket for this Action is attached hereto as **Exhibit B**.

### Jurisdiction and Venue

6. Because the Circuit Court lies in the Northern District of Illinois, Eastern Division, this Court is the appropriate venue for removal. *See* 28 U.S.C. §§ 93(a)(1), 1441(a), and 1446(a).

7. As explained further below, this Court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1331 because it contains a civil action arising under the laws of the United States.

### Federal Question & Supplemental Jurisdiction

8. Plaintiff's Complaint alleges claims against Jewel pursuant to the Illinois Workers' Compensation Act ("IWCA"), the Americans with Disabilities Act ("ADA"), and the Illinois Human Rights Act ("IHRA"). *See* Compl. at ¶¶ 14-51.

9. Plaintiff expressly cites to a federal statute in his Complaint.

10. Federal courts have original jurisdiction over civil actions arising under the laws of the United States. 28 U.S.C. § 1331.

11.     This Court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1331 because Plaintiff's disability discrimination claim arises under United States law. Therefore, Jewel is entitled to remove this case to this Court pursuant to 28 U.S.C. § 1441(a). *See generally Hegeler v. Ill. State Highway Auth.*, 2005 U.S. Dist. LEXIS 17723, *3-4 (N.D. Ill. Aug. 22, 2005) ("Even when a plaintiff asserts several bases for relief in his Complaint, so long as one of those bases depends exclusively on federal law and is not a frivolous claim, federal question jurisdiction exists.").

12.     Additionally, Plaintiff's use of identical factual allegations to support both his federal and state law claims demonstrates an expectation that all of his claims will be considered in a single lawsuit. Therefore, pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's workers' compensation retaliation and disability discrimination claims arising under Illinois law because they are so related to his disability discrimination claim brought pursuant to the ADA that they form part of the same case or controversy under Article III of the United States Constitution. *See* Compl. at ¶¶14-28; 41-51; *see also* 28 U.S.C. § 1367(a).

13.     As a result, this Court has jurisdiction over this Action and removal is proper.

**Compliance with Procedural Requirements**

14.     Pursuant to 28 U.S.C. § 1446(d), contemporaneously with this filing, Jewel is serving Notice to Adverse Party of Filing of Notice of Removal upon Plaintiff. (*See* Notice to Adverse Parties of Notice of Removal, attached hereto as **Exhibit C**).

15.     Pursuant to 28 U.S.C. § 1446(d), contemporaneously with this filing, Jewel also filed a copy of the Notice of Removal to the Circuit Court. (*See* Notice to State Court of Filing Notice of Removal, attached hereto as **Exhibit D**).

16.     Jewel files this Notice of Removal solely for the purpose of removing the instant

Action, and does not waive, but specifically reserves, any and all defenses.

**WHEREFORE,** having fulfilled all statutory requirements, Jewel hereby removes this Action from the Circuit Court of Cook County, Illinois, Law Division, to this Court, and request that this Court assume full jurisdiction over the matter as provided by law and permit this Action to proceed before it as a matter properly removed thereto.

Respectfully submitted,

**JEWEL FOODS STORES, INC. D/B/A JEWEL FOODS, A DIVISION OF NEW ALBERTSON'S INC.**

By: */s/ Jennifer Schilling*
One of Its Attorneys

Jennifer Schilling
jschilling@littler.com
Christopher M. Lewis
cmlewis@littler.com
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, IL 60654
Telephone: 312.846.7027
Firm No. 34950

4

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on November 19, 2021, she caused a copy of the foregoing *Notice of Removal* to be served upon the following:

Kevin R. Anderson
Cass T. Casper
DISPARTI LAW GROUP, P.A.
121 W. Wacker Drive, Suite 2300
Chicago, IL 60601
kevin@dispartilaw.com
ccasper@dispartilaw.com

          */s/ Jennifer Schilling*
          JENNIFER SCHILLING