# EXHIBIT A

FILED
10/29/2021 5:36 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L005440
15410719

2120 - Served                    2121 - Served
2220 - Not Served                2221 - Not Served
2320 - Served By Mail            2321 - Served By Mail
2420 - Served By Publication     2421 - Served By Publication
Summons - Alias Summons                                    (08/01/18) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

WILLIAM MERCIL

v.  (Name all parties)  Case No.  2021-L-005440

JEWEL FOOD STORES, INC., A
DIVISION OF NEW ALBERTSON'S INC.

### SUMMONS ✔ ALIAS SUMMONS

To each Defendant:  JEWEL FOOD STORES, INC., A DIVISION OF NEW ALBERTSON'S INC.

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 3

**Summons - Alias Summons**                                      **(08/01/18) CCG 0001 B**

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Atty. No.:  6335410

Atty Name:  Nicollette M. Haines, Esq.

Atty. for:  Plaintiff

Address:  121 W. Wacker Drive - Suite 2300

City:  Chicago

State:  IL    Zip:  60601

Telephone:  (312) 506-5511 ext. 334

Primary Email:  Nicollette@dispartilaw.com

Witness: _____

_____

DOROTHY BROWN, Clerk of Court

11-2-2021

Date of Service: _____
(To be inserted by officer on copy left with
Defendant or other person)

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

- Richard J Daley Center
  50 W Washington
  Chicago, IL 60602

  District 2 - Skokie
  5600 Old Orchard Rd
  Skokie, IL 60077

  District 3 - Rolling Meadows
  2121 Euclid
  Rolling Meadows, IL 60008

  District 4 - Maywood
  1500 Maybrook Ave
  Maywood, IL 60153

  District 5 - Bridgeview
  10220 S 76th Ave
  Bridgeview, IL 60455

  District 6 - Markham
  16501 S Kedzie Pkwy
  Markham, IL 60428

  Domestic Violence Court
  555 W Harrison
  Chicago, IL 60607

  Juvenile Center Building
  2245 W Ogden Ave, Rm 13
  Chicago, IL 60602

  Criminal Court Building
  2650 S California Ave, Rm 526
  Chicago, IL 60608

### Daley Center Divisions/Departments

Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

**12-Person Jury**

Civil Action Cover Sheet - Case Initiation        (12/01/20) CCL 0520

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

WILLIAM MERCIL

v.

JEWEL FOOD STORES, INC., A Division of New Albertson's

No.        2021L005440

FILED DATE: 5/26/2021 5:11 PM  2021L005440

### CIVIL ACTION COVER SHEET - CASE INITIATION

A Civil Action Cover Sheet - Case Initiation shall be filed with the complaint in all civil actions. The information contained herein is for administrative purposes only and cannot be introduced into evidence. Please check the box in front of the appropriate case type which best characterizes your action. Only one (1) case type may be checked with this cover sheet.

Jury Demand  ☒ Yes  ☐ No

**PERSONAL INJURY/WRONGFUL DEATH**

CASE TYPES:
- ☐ 027  Motor Vehicle
- ☐ 040  Medical Malpractice
- ☐ 047  Asbestos
- ☐ 048  Dram Shop
- ☐ 049  Product Liability
- ☐ 051  Construction Injuries
      (including Structural Work Act, Road
      Construction Injuries Act and negligence)
- ☐ 052  Railroad/FELA
- ☐ 053  Pediatric Lead Exposure
- ☐ 061  Other Personal Injury/Wrongful Death
- ☐ 063  Intentional Tort
- ☐ 064  Miscellaneous Statutory Action
      (Please Specify Below**)
- ☐ 065  Premises Liability
- ☐ 078  Fen-phen/Redux Litigation
- ☐ 199  Silicone Implant

**TAX & MISCELLANEOUS REMEDIES**

CASE TYPES:
- ☐ 007  Confessions of Judgment
- ☐ 008  Replevin
- ☐ 009  Tax
- ☐ 015  Condemnation
- ☐ 017  Detinue
- ☐ 029  Unemployment Compensation
- ☐ 031  Foreign Transcript
- ☐ 036  Administrative Review Action
- ☐ 085  Petition to Register Foreign Judgment
- ☐ 099  All Other Extraordinary Remedies

By: Kevin R. Anderson

   (Attorney)                    (Pro Se)

```
FILED
5/26/2021 5:11 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
13477743
```
(FILE STAMP)

**COMMERCIAL LITIGATION**

CASE TYPES:
- ☐ 002  Breach of Contract
- ☐ 070  Professional Malpractice
      (other than legal or medical)
- ☐ 071  Fraud (other than legal or medical)
- ☐ 072  Consumer Fraud
- ☐ 073  Breach of Warranty
- ☐ 074  Statutory Action
      (Please specify below.**)
- ☐ 075  Other Commercial Litigation
      (Please specify below.**)
- ☒ 076  Retaliatory Discharge

**OTHER ACTIONS**

CASE TYPES:
- ☐ 062  Property Damage
- ☐ 066  Legal Malpractice
- ☐ 077  Libel/Slander
- ☐ 079  Petition for Qualified Orders
- ☐ 084  Petition to Issue Subpoena
- ☐ 100  Petition for Discovery

** _____

_____

Primary Email: kevin@dispartilaw.com

Secondary Email: _____

Tertiary Email: _____

**Pro Se Only:** ☐ I have read and agree to the terms of the *Clerk's Office Electronic Notice Policy* and choose to opt in to electronic notice form the **Clerk's Office** for this case at this email address: _____

### IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

FILED
5/26/2021 5:11 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL

FILED DATE: 5/26/2021 5:11 PM   2021L005440

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## LAW DIVISION

WILLIAM MERCIL,                        )
                                  )
           Plaintiff,                 )
                                  )   Case No. 2021L005440
v.                                     )
                                  )   Ad Dammum: $250,000
JEWEL FOOD STORES, INC.                )
A Division of New Albertson's Inc.,    )
                                  )
                                  )   JURY DEMANDED
           Defendant.                 )

## COMPLAINT

         WILLIAM MERCIL, Plaintiff, by and through his undersigned counsels, Cass T. Casper, Esq., DISPARTI LAW GROUP, P.A., states as follows for his Complaint against Defendant, JEWEL FOOD STORES, INC, a Division of New Albertson's Inc.:

## NATURE OF THE CASE

1.       This is a wrongful termination case stemming from Plaintiff's illegal termination on October 16, 2020 as a result of his filing and ongoing pursuit of an Illinois Workers' Compensation Act ("the Act") claim.

2.       This is also a claim for disability discrimination brought pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

3.       William Mercil ("Mercil" or "Plaintiff") seeks all available relief, including, back pay and back benefits, compensatory damages, and all other available relief.

## PARTIES, JURISDICTION, AND VENUE

4.       Plaintiff, Mercil is an adult resident of Cook County, Illinois.

FILED DATE: 5/26/2021 5:11 PM    2021L005440

5.       Defendant, Jewel Food Stores, Inc. A Division of New Albertson's Inc., ("Jewel" or

Defendant") is an Illinois corporation. *See Illinois' Secretary of State File No. 66601099.* The

Jewel is located at 1955 West North Avenue, Melrose Park, IL 60160.

## JURISDICTION AND VENUE

6.       This Court has jurisdiction over all Counts pursuant to Article 6, Section 9 of the Illinois

Constitution as a court of general jurisdiction.

7.       This Court has jurisdiction over Count 1 pursuant to its common law authority to hear

retaliatory discharge claims for wrongful termination for filing and pursuit of Workers'

Compensation claims pursuant to the Illinois Supreme Court's decision in *Kelsay v. Motorola,*

*Inc.*, 74 Ill.2d 172, 180-181 (1978), and its progeny.

8.       This Court has jurisdiction over Count 2 as a court of general jurisdiction and pursuant to

the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

9.       Venue is proper pursuant to 735 ILCS § 5/2-101 of the Illinois Code of Civil Procedure

because Defendant's business is located in Cook County, Illinois, and principal place of

operation for purposes of this suit is in Cook County, Illinois.

## EXHAUSTION OF ADMINISTRATIVE PROCEEDINGS

10.     On November 9, 2020, Plaintiff Mercil filed a charge of discrimination based on

Disability with the EEOC in Charge Number 440-2106-00455 that was cross-filed with the

Illinois Department of Human Rights.  A true and correct copy of that Charge is attached as

Group Exhibit 1.

11.     On February 23, 2021, Plaintiff Mercil received a right-to-sue letter from the Illinois

Department of Human Rights. A true and correct copy of these notices are attached as Group

Exhibit 1.

2

FILED DATE: 5/26/2021 5:11 PM  2021L005440

12.     Plaintiff timely brings this suit within 90 days of the right-to-sue letter.

13.     Plaintiff has exhausted all administrative remedies prerequisite to bringing this suit.

### COUNT 1: RETALIATORY DISCHARGE BASED ON PLAINTIFF'S FILING AND PURSUIT OF AN IWCC CLAIM
(Plaintiff v. Defendant)

14.     At all times relevant, Illinois has recognized a clear mandate of public policy in favor of employees having protection from workplace injuries under the Workmen's Compensation Act. *See Kelsay v. Motorola, Inc.*, 74 Ill.2d 172, 180-181 (1978) ("*Kelsay*"). "A valid claim for retaliatory discharge requires a showing that an employee has been (1) discharged; (2) in retaliation for the employee's activities; and (3) that the discharge violates a clear mandate of public policy." *Hartlein v. Illinois Power Co.*, 151 Ill.2d 142, 160 (1992).

15.     At all times relevant, Illinois has recognized a clear mandate of public policy in favor of employees having protection from workplace injuries under the Workmen's Compensation Act. *See Kelsay v. Motorola, Inc.*, 74 Ill.2d 172, 180-181 (1978) ("*Kelsay*").

16.     Since or about November 1990, William Mercil was employed by Defendant, Jewel, as a Truck Driver.

17.     On or about September 1, 2020, while an employee of Jewel and in the course and scope of his employment, plaintiff incurred a work-related injury as defined by the Workers' Compensation Act of Illinois, *820 ILCS 305/1, et seq.*, and defendant, was an employer as defined under said Act.

18.     On or about October 16, 2020, Mercil filed a workers' compensation claim (Internal Claim Number W8017807-0001) with Sedgwick Claims Management Services to seek redress for his work-related injury.

19.     Later that day, on October 16, 2020, William Mercil was terminated from Jewel.

FILED DATE: 5/26/2021 5:11 PM   2021L005440

20.     At all times, Jewel, clearly and unequivocally discharged Mercil on October 16, 2020, the same day as Mercil filed an Illinois Workers Compensation Claim.

21.     The sole reason for the termination of Plaintiff's employment was that Plaintiff sought and obtained compensation under the workers' compensation law of the State of Illinois as Plaintiff was entitled to do.

22.     Prior to October 16, 2020, William Mercil faithfully and properly performed and rendered services for and on behalf of defendant, Jewel, in accordance with and pursuant to his employment at Jewel, for which services the Defendant paid the Plaintiff.

23.     The time of discharge, plaintiff was *67* years of age and received an annual salary of *$150,000*.

24.     Defendant's conduct in terminating Mercil was done in retaliation for Mercil's protected activities in pursuing a claim with the IWCC.

25.     Under Illinois law, there is "a cause of action for retaliatory discharge where an employee is terminated because of his actual or *anticipated* exercise of workers' compensation rights." *Beatty v. Olin Corp.*, 693 F.3d 750 (7th Cir. 2012)  (Former employee brought action against former employer, alleging retaliatory discharge in anticipation of his exercise of workers' compensation rights.).

26.     Plaintiff's termination violates the clear mandate of public policy established in *Kelsay* and its progeny in that it was in retaliation for his filing and pursuing a claim before the IWCC.

27.     Plaintiff has suffered damages in the form of job loss for several months, lost wages and benefits, emotional distress, and compensatory damages.

28.     At all times, Defendant's acted deliberately and intentionally and therefore Defendant's conduct was done with actual malice and willfully, or, in the alternative, with gross negligence as

4

FILED DATE: 5/26/2021 5:11 PM  2021L005440

to indicate a wanton disregard for Plaintiff's rights under the Act. *See Hollowell v. Wilder Corp. of Delaware*, 318 Ill.App.3d 984, 988 (5th Dist. 2001) (noting standard for imposition of punitive damages in retaliatory discharge cases).

WHEREFORE, for the foregoing reasons, Plaintiff requests that this Honorable Court enter Judgment in his favor, and against Defendant, and order Plaintiff's full back pay and benefits from October 16, 2020 to the date of his reinstatement, April 20, 2021, compensatory damages, pre-judgment interest on all amounts, punitive damages in an amount to be determined by the finder of fact, and such other relief as the Court deems just and proper.

## COUNT 2: 42 U.S.C. § 12101, *et seq.*
## DISABILITY DISCRIMINATION UNDER THE
## AMERICANS WITH DISABILITIES ACT
(Plaintiff v. Defendant)

29.     Plaintiff repeat, re-allege, and incorporate by reference, the allegations in all Paragraphs One through Thirteen of this Complaint with the same force and effect as if herein set forth.

30.     The Americans with Disabilities Act prohibits an employer from treating a qualified individual with a disability who is an employee unfavorably because he or she has a disability, has a record of disability, and/or is perceived to have a physical impairment.

31.     The Americans with Disabilities Act also requires an employer to provide a reasonable accommodation to an employee with a disability, unless doing so would cause significant difficulty or expense.

32.     Congress has not defined "impairment." In a regulation implementing the ADA, however, the EEOC defined "physical impairment" as: "Any physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more body systems,

FILED DATE: 5/26/2021 5:11 PM 2021L005440

such as neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genitourinary, immune, circulatory, hemic, lymphatic, skin, and endocrine." 29 C.F.R. § 1630.2(h)(1).

33. Plaintiff Mercil has a disability, a record of disability of the effect of Adult Respiratory Distress Syndrome (RDS) which is a cardiovascular impairment which falls under the Act that substantially limits one or more major life activities, including, *inter alia*, running, climbing, and extended periods of exercise.

34. Defendants were aware of such Disability because Plaintiff Mercil filed on September 10, 2020 an absence form detailing such disability and the time off required for such disability. Additionally, Plaintiff filed an Employee Accident Report on October 16, 2020 which depicted his disability.

35. After filing the above stated forms, Plaintiff Mercil was discharged from his employment on October 16, 2020.

36. Plaintiff Mercil filed his EEOC Charge of Discrimination based on disability on November 9, 2020.

37. At all times prior to his termination, Plaintiff Mercil was and is still qualified to perform his essential job functions as a Truck Driver, with or without reasonable accommodation, as such essential job functions involve driving, pre-trip and post-trip inspections, and routine maintenance of his assigned vehicle.

38. At all times, Defendant's conduct in terminating Mercil was done because of Plaintiff's qualified disability.

6

39.     Similarly-situated truck drivers at this Jewel location without disabilities were not terminated in like manner to Mercil, including, to Mercil's knowledge, all other truck drivers assigned to or near this location.

40.     As a result of Defedant's actions, Plaintiff suffered damages, to include loss of back pay and emotional distress.

WHEREFORE, for the foregoing reasons, Plaintiff requests that this Honorable Court enter Judgment in his favor, and against Defendant, and order Plaintiff's full back pay and benefits from October 16, 2020 to the date of his reinstatement, April 20, 2021, compensatory damages and pre-judgment interest in an amount to be determined by the finder of fact, and such other relief as the Court deems just and proper, and reasonable attorneys' fees and litigation costs.

### COUNT 3: PHYSICAL DISABILITY AND RECORD OF DISABILITY DISCRIMINATION UNDER THE ILLINOIS HUMAN RIGHTS ACT
(Plaintiff v. Defendant)

41.     Plaintiff repeat, re-allege, and incorporate by reference, the allegations in all Paragraphs One through Thirteen of this Complaint with the same force and effect as if herein set forth.

42.     The Illinois Human Rights Act ("IHRA") prohibits an employer from treating a qualified individual with a physical disability who is an employee unfavorably because he or she has a disability, has a record of disability, and/or is perceived to have a physical impairment.

43.     The IHRA also requires an employer to provide a reasonable accommodation to an employee with a physical disability or a record of a disability, unless doing so would cause significant difficulty or expense.

7

FILED DATE: 5/26/2021 5:11 PM 2021L005440

44.     Plaintiff Mercil has a physical disability, a record of disability of the effect of Adult Respiratory Distress Syndrome (RDS) which is a cardiovascular impairment which falls under the Act that substantially limits one or more major life activities, including, *inter alia*, running, climbing, and extended periods of exercise.

45.     Defendants were aware of such Disability because Plaintiff Mercil filed on September 10, 2020 an absence form detailing such disability and the time off required for such disability. Additionally, Plaintiff filed an Employee Accident Report on October 16, 2020 which depicted his disability.

46.     After filing the above stated forms, Plaintiff Mercil was discharged from his employment on October 16, 2020.

47.     Plaintiff Mercil filed his EEOC Charge of Discrimination based on disability on November 9, 2020, which was cross-filed with the IDHR.

48.     At all times prior to his termination, Plaintiff Mercil was and is still qualified to perform his essential job functions as a Truck Driver, with or without reasonable accommodation, as such essential job functions involve driving, pre-trip and post-trip inspections, and routine maintenance of his assigned vehicle.

49.     At all times, Defendant's conduct in terminating Mercil was done because of Plaintiff's qualified disability.

50.     Similarly-situated truck drivers at this Jewel location without disabilities were not terminated in like manner to Mercil, including, to Mercil's knowledge, all other truck drivers assigned to or near this location.

51.     As a result of Defendant's actions, Plaintiff suffered damages, to include loss of back pay and emotional distress.

WHEREFORE, for the foregoing reasons, Plaintiff requests that this Honorable Court enter Judgment in his favor, and against Defendant, and order Plaintiff's full back pay and benefits from October 16, 2020 to the date of his reinstatement, April 20, 2021, compensatory damages and pre-judgment interest in an amount to be determined by the finder of fact, and such other relief as the Court deems just and proper, and reasonable attorneys' fees and litigation costs.

## **PRAYER FOR RELIEF**

WHEREFORE, based on the foregoing, Plaintiff requests that the Court enter Judgment in his favor, and against Defendant Jewel.

1. Back pay and back benefits between October 16, 2020 and the date of his reinstatement.

2. Compensatory damages for emotional distress in an amount to be awarded by the finder of fact.

3. Pre-judgment interest on all amounts pursuant to state law.

4. Reasonable attorneys' fees and court and litigation costs as allowed by law.

5. All other such relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury as to all Counts.

Respectfully submitted,

**William Mercil**

By:     */s/ Kevin Anderson*

_____

One of Plaintiff's Attorneys

*Kevin R. Anderson, Esq.*
DISPARTI LAW GROUP, P.A.
121 West Wacker Drive, Suite 2300
Chicago, Illinois 60601

FILED DATE: 5/26/2021 5:11 PM   2021L005440

FILED DATE: 5/26/2021 5:11 PM    2021L005440

P: (312) 506-5511 ext. 333
E: kevin@dispartilaw.com

Cass T. Casper, Esq.
DISPARTI LAW GROUP, P.A. (#57548)
121 West Wacker Drive, Suite 2300
Chicago, Illinois 60601
P: (312) 351-2478
E: ccasper@dispartilaw.com

FILED
5/26/2021 5:11 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L005440

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## LAW DIVISION

|  |  |  |
|---|---|---|
| WILLIAM MERCIL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. **2021L005440** |
| | ) | |
| v. | ) | |
| | ) | Ad Damnum: $250,000 |
| JEWEL FOOD STORES, INC. | ) | |
| A Division of New Albertson's Inc., | ) | |
| | ) | |
| | ) | JURY DEMANDED |
| Defendant. | ) | |

### ILLINOIS SUPREME COURT RULE 222 AFFIDAVIT OF DAMAGES

NOW COMES, CASS THOMAS CASPER, Affiant, and avers as follows under oath in support of the damages in the Complaint in the above-captioned matter.

1. Under penalties as provided by law, and pursuant to Illinois Supreme Court Rule 222, the undersigned Affiant, Cass Thomas Casper, hereby certifies that the damages sought in the above-captioned cause, *Mercil v. Jewel Store Foods, Inc.,* are in excess of $50,000.

2. Further Affiant sayeth not.

*/s/ Cass T. Casper*

*Cass T. Casper, Esq.*
DISPARTI LAW GROUP, P.A.
121 West Wacker Drive, Suite 2300
Chicago, Illinois 60601
P: (312) 506-5511 ext. 331
E: ccasper@dispartilaw.com

**STATE OF ILLINOIS**
**DEPARTMENT OF HUMAN RIGHTS**

IN THE MATTER OF:
WILLIAM MERCIL,

                           )
COMPLAINANT.               )   CHARGE NO.      2021CR0758
                           )
AND                        )
                           )
JEWEL FOOD STORE,          )
                           )
                           )
                           )
RESPONDENT.                )

## NOTICE OF DISMISSAL FOR LACK OF SUBSTANTIAL EVIDENCE
## AND ORDER OF CLOSURE

**For Complainant**

Julie Herrera
Law Office of Julie O Herrera
53 W Jackson Boulevard
Ste 1615
Chicago IL 60604

**For Respondent**

Teresa Abreu
Jewel Foods
Labor Relations
150 Pierce Road
Ste 200
Itasca IL 60143

DATE OF DISMISSAL: February 26, 2021

1.     YOU ARE HEREBY NOTIFIED that the Department has not received a timely request to review the EEOC determination of no cause, a copy of which is enclosed. Based upon the enclosed determination, the DEPARTMENT OF HUMAN RIGHTS (DHR) finds that there is NOT substantial evidence to support the allegations of the charge(s). Accordingly, pursuant to Section 7A-102(A-1) (3)(a) of the Human Rights Act (775 ILCS 5/1-101 et. seq.) and its Rules and Regulations (56 Ill. Adm. Code, Chapter II, Section 2520.560), the charge is HEREBY DISMISSED and CLOSED.

2.     Complainant may commence a civil action against Respondent in the appropriate state circuit court or other appropriate court of competent jurisdiction within ninety (90) days after receipt of this Notice. A complaint should be filed in the circuit court in the county where the civil rights violation was allegedly committed. **If you intend to exhaust your State remedies, please notify the Equal Employment Opportunity Commission (EEOC) immediately:** EEOC, John C. Kluczynski Federal Building, 230 South Dearborn Street, Suite 1866 Chicago, Illinois 60604.

**Please note that the Department cannot provide any legal advice or assistance. Please contact legal counsel, your city clerk, or your county clerk with any questions.**

3.     Complainant is hereby notified that the charge(s) are dismissed with prejudice with no right to further proceed if a timely written complaint is not filed with the appropriate circuit court.

DEPARTMENT OF HUMAN RIGHTS

EEOC Ref Chg (CR/SR)
Rev. 03/16/2020.

**STATE OF ILLINOIS** )
                      ) ss
**COUNTY OF COOK** )

**CHARGE NO. 2021CR0756**

## AFFIDAVIT OF SERVICE

Monica Vandeven deposes and states that s/he served a copy of the attached **NOTICE OF DISMISSAL AND ORDER OF CLOSURE** on each person named below by depositing the same on February 26, 2021 , in the U.S. Mail Box at 100 West Randolph Street, Chicago, Illinois, properly posted for FIRST CLASS MAIL, addresses as follows:

#### For Complainant

Julie Herrera
Law Office of Julie O Herrera
53 W Jackson Boulevard
Ste 1615
Chicago IL 60604

#### For Respondent

Teresa Abreu
Jewel Foods
Labor Relations
150 Pierce Road
Ste 200
Itasca IL 60143

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

Monica Vandeven

## PLEASE NOTE:

The above-signed person is responsible only for mailing these documents. Illinois Department of Human Rights' staff are not permitted to discuss the investigation findings once a Notice of Dismissal or Order of Closure has been issued.

ILLINOIS DEPARTMENT OF
# Human Rights

JB Pritzker, Governor
James L. Bennett, Director

February 23, 2021

2ND NOTICE

WILLIAM MERCIL
C/O JULIE O. HERRERA
ATTORNEY AT LAW
53 W. JACKSON BLVD.
SUITE 1615
CHICAGO, IL 60604

RE:   Charge No.:  2021CR0758
      Respondent:  JEWEL'S FOODS
Complaint or Civil Action Filing Dates:   11/19/2021  through  02/16/2022

Dear Complainant:

You have chosen to have the discrimination charge you previously filed with the U.S. Equal Employment Opportunity Commission ("EEOC") investigated by the Illinois Department of Human Rights ("IDHR") under the Illinois Human Rights Act.  IDHR has received a copy of EEOC's determination and your request for the Department to investigate.  A copy of the charge has been served on the Respondent.  Keep this letter for reference if you need to telephone or come to IDHR.

You are required to preserve and maintain all records, including paper, electronic, or other formats, pertaining to this charge.  If your charge involves the basis of disability, IDHR requires that two additional forms be completed to determine whether IDHR has jurisdiction over your identified medical condition.  If we do not have copies of these documents in your file, we have included copies with this notice.

1)    Verification of Disability
Please give the Verification of Disability form to your physician for completion.  Request your physician return the completed form by mail to IDHR's address below within 30 days of your receipt of this notice; and

2)    Consent form
The consent form allows IDHR to review your physician's documentation.  Please fill out the consent form and return it to IDHR, again, within 30 days of your receipt of this notice.

If your charge does not involve the basis of disability, then the Verification of Disability and Consent Forms are not needed and are not enclosed.

IDHR's role is to conduct a neutral investigation of the allegations in your charge.  It is your responsibility to cooperate with IDHR's investigation and provide all pertinent information you have concerning the case by the dates requested.

An investigator will contact you after the case is assigned.  IDHR must complete the investigation of your case by issuing its report of findings within 365 days from the date the EEOC issued its decision on your charge.  IDHR's investigation time may be extended if you and Respondent agree in writing.

100 West Randolph Street, Suite 10-100, Chicago, IL 60601, (312) 814-6200, TTY (866) 740-3953, Housing Line (800) 662-3942
535 West Jefferson Street, 1st Floor, Springfield, IL 62702, (217) 785-5100
2309 West Main Street, Marion, IL 62959 (618) 993-7463
www.illinois.gov/dhr

If IDHR does not complete the investigation of your case by timely issuing its report of findings, you may either file a complaint with the Human Rights Commission or commence a civil action in the appropriate circuit court within 90 days after the expiration of the 365 days (or the extended time). We have calculated the time above (see Complaint or Civil Action Filing Dates). While we have made this calculation with the best of intentions, errors can occur. The Human Rights Commission has ruled that it is your responsibility to count the number of days properly. If you file a complaint or commence a civil action in circuit court outside this 90-day period, your complaint or civil action may be deemed untimely and dismissed.

Once 455 days (365 days [or the extended time] plus 90 days) have passed, IDHR must dismiss your charge with prejudice without any further right to proceed if you have not filed a complaint with the Human Rights Commission, or commenced a civil action in the appropriate court. Therefore, you may wish to contact an attorney to decide the best way for you to handle your case.

If you file a complaint with the Human Rights Commission, the form of the complaint must be in accordance with section 7A-102(F) of the Human Rights Act. You must serve a copy of the complaint filed with the Human Rights Commission on IDHR on the same day that you file a complaint with the Commission. The Human Rights Commission will then schedule a hearing for your case before an Administrative Law Judge.

If you commence a civil action in circuit court, the form of the complaint must be in accordance with the Illinois Code of Civil Procedure. Please also serve a copy of your complaint on the EEOC: 500 West Madison Street, Suite 2000, Chicago, IL 60661 If you file a complaint with the Commission, you may not later commence a civil action in circuit court.

You must advise IDHR of all changes of name, address, or telephone numbers. If you do not do so, IDHR may dismiss your case if it cannot locate you.

SB1122 IN-6 Non-Med
CR/SR
4/17

GROUP EXHIBIT

158

Nov 16 20 02:31p    William Mercil    8474665158    p.1

EEOC Form 5 (11/09)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To:
- [ ] FEPA
- [X] EEOC

Agency(ies) Charge No(s):
2024 CR 0758
440-2621-00677

and EEOC

**Illinois Department Of Human Rights**

State or local Agency, if any

| | |
|---|---|
| Name (indicate Mr., Ms., Mrs.)<br>**Mr. William R. Mercil** | Home Phone (incl. Area Code)<br>(847) 891-9135 | Date of Birth<br>1953 |

Street Address<br>1200 Salford Drive, Schaumburg, IL 60193    City, State and ZIP Code

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>**JEWEL FOODS** | No. Employees, Members<br>500 or More | Phone No. (include Area Code)<br>(708) 547-7974 |
|---|---|---|

Street Address<br>1955 West North Avenue, Building K, Melrose Park, IL 60160    City, State and ZIP Code

| Name | No. Employees, Members | Phone No. (include Area Code) |
|---|---|---|

Street Address    City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

- [X] RACE
- [ ] COLOR
- [ ] SEX
- [ ] RELIGION
- [ ] NATIONAL ORIGIN
- [X] RETALIATION
- [X] AGE
- [X] DISABILITY
- [ ] GENETIC INFORMATION
- [ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest    Latest
10-16-2020

- [ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began my employment with Respondent in or around November 1990. My most recent position was Truck Driver. Respondent is aware of my disability. During my employment, I filed a Charge of Discrimination (EEOC #: 440-2016-00455). I also have been subjected to harassment. I complained to Respondent. Subsequently, I have been disciplined and suspended. On or about October 16, 2020, I was discharged.

I believe I have been discriminated against because of my race, White, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I also believe I have been discriminated against because of my age, 67 (YOB: 1953), in violation of the Age Discrimination in Employment Act of 1967, as amended.

I further believe I have been discriminated against because of my disability, and in retaliation for engaging in protected activity, in violation of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.<br><br>I declare under penalty of perjury that the above is true and correct. | NOTARY – When necessary for State and Local Agency Requirements<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
|---|---|
| X __11/16/20__ X ____<br>Date    Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

# GROUP EXHIBIT 1

Jewel Osco        S - 9/2-4

## ABSENCE REPORT FORM

This form must be completed for absences from day #1 thru day #7, for any injury or illness. This form cannot be processed unless complete information is provided.

### Part 1: General Employee Information – To Be Completed by the Associate (Please Print – Black Ink Only)

| | | |
|---|---|---|
| Last Name: MERCIL | First Name: WILLIAM | Employee ID Number: 439 |
| Company Name: JEWEL | Store Number / Work Location Code: | Position: TRUCK DRIVER |
| Hire Date: 11/4/30 | Work Telephone Number: (708) 531-6872 | Home Telephone Number: (843) 871-9135 |

### Part #2: Absence Information – To Be Completed by the Associate

Reason for Absence (Check One Only)

☐ Illness / Injury (Not Work Related)   ☒ Illness / Injury (Work Related)   ☐ Accident (Not Work Related)   ☐ Other

In the space provided below please indicate the dates you were scheduled to work, the hours you were scheduled to work, the hours you actually worked (including overtime, jury duty, funeral leave) and the hours you missed due to your absence during this week.

| DATE | Monday 9/31/20 | Tuesday 9/1/30 | Wednesday 9/2/20 | Thursday 9/3/20 | Friday 9/4/20 | Saturday 9/5/20 | Sunday 9/6/20 | Total |
|---|---|---|---|---|---|---|---|---|
| HOURS SCHEDULED TO WORK | 8 | 8 | 8 | 8 | 8 | 4 | 8 | |
| HOURS WORKED | 13 | 7 | | | | 10.5 | 13.5 | |
| HOURS MISSED DUE TO ABSENCE | — | — | 8 | 8 | 8 | — | — | |

### Part #3: Disability Information – To Be Completed by the Associate

| | |
|---|---|
| First Date of Absence: 9/2/20 | Last Day Worked: Sunday 9/1/20 |

Describe Your Illness / Injury: HEART RATE - STRESS

Describe Absence for reasons other than Illness / Injury:

| Have You Returned to Work: ☒ Yes ☐ No | If Yes, When: 9/5/20 | Are you currently employed by another company: ☐ Yes ☒ No |
|---|---|---|
| Is the Condition the Result of An Accident? ☐ Yes ☒ No | If Yes, when did the accident occur? | If Yes, where did the accident occur? |

### Part #4: Authorization

The above is a true and accurate explanation of my absence. I further understand that any falsification could lead to discipline up to and including discharge. If my absence is for a personal illness or injury, I request and authorize any physician or hospital to furnish JEWEL-OSCO with any information requested regarding medical history, advice or hospitalization. I further understand that if applicable, this absence will count against my Family and Medical Leave of Absence (FMLA) entitlement as well as any applicable state leave entitlement.

| Associate Signature: | Date: 9/10/20 |
|---|---|
| Supervisor Name (Please Print): | Supervisor Telephone Number: |
| Supervisor Signature: | Date: |

### Part #5: To Be Completed by the Benefits Administration Department Only

| Current Week Ending Date: | | Week Ending Date of Absence: | |
|---|---|---|---|
| ☐ STT | ☐ SCK | ☐ DIS | ☐ Non-Compensable Abs. |
| HOURS TO BE PAID: | | HOURLY RATE OF PAY: | |

Please Return Completed Form to:
Human Resources
1955 W. North Avenue
Melrose Park, IL 60160

Fax Number:   1-708-531-6296

FILED DATE: 5/26/2021 5:11 PM   2021L005440

# GROUP EXHIBIT 1

## Employee Accident Statement – Transportation

To be completed by the **ASSOCIATE** within 24 hours of reporting the injury.

**Associate Name:** _William Mercil_

**Associate Contact Number:** _489_

---

CHOOSE A NUMBER FROM 0 TO 10 THAT BEST DESCRIBES THE PAIN YOU'RE EXPERIENCING:

| No pain | | | | | Distressing pain | | | | | Unbearable pain |

0  1  2  3  4  5  6  7  8  9  10

---

Date of Injury: _9/11/20_    Time Injury was incurred: _0630_

Who did you report the injury to: _FRANK MILLER_

When did you report the injury (date/time): _9/11/20    1300_

Where did the Injury occur (Select One):

**Melrose Park:**

☐ Emp. Parking Lot    ☐ Tractor Yard    ☐ Garage    ☐ Tractor/Trailer #_____

☐ Bldg. _____    Dock# _____

**Store Delivery:** Store # _3381    SYCAMORE_

☐ Backroom    ☐ Cooler / Freezer    ☐ Parking Lot    ☐ Other, explain_____

☑ Receiving Dock

What action best explains what triggered the injury (Select One):

☐ Lifting    ☐ Reaching    ☐ Pushing/Pulling    ☐ Twisting/Turning    ☐ Slip,Trip/Fall

☐ Struck By/Against    ☐ Repetitive Action    ☐ Cut (Sharp Object)    ☑ Other, explain _THREAT BY_

_TWO VENDOR TO "KICK MY ASS"_

Were other associates involved in the accident, or witness to the injury? If so, name or describe them here:

_NO_

_____

_____

_____

Jan 2016

FILED DATE: 5/26/2021 5:11 PM    2021L005440

# GROUP EXHIBIT 1

FILED DATE: 5/26/2021 5:11 PM 2021L005440

Indicate on these figures the affected body part(s) at the time of the injury:



Explain in detail the injury(s) that affected the body part(s) indicated above:

HEART RATE 170 — WEAKNESS, SHORTNESS OF BREATH, PROFUSE SWEATING

In your own words, describe what happened. How did the incident occur?

JEWEL VS VENDOR DISPUTE @ PRIORITY OF DELIVERY DOCK — 7UP DRIVER THRAATEN TO "KICK MY ASS"

Did an unsafe condition exist? If so, explain what could have been done to prevent this accident:

ESTABLISHED PRIORITY OF JEWEL DRIVERS AT ALL JEWEL STORES- FAILUER OF RECEIVER TO ENFORCE ESTABLISHED POLICY

**Associate Signature:** _____  **Date:** 10/16/20

**Supervisor Signature:** Anthony J. Sams  **Date:** 10/16/2020

**Witness Signature:** _____  **Date:** _____

Rev. 2019